**ADANTÉ D. POINTER, ESQ., 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**ANGEL M. ALEXANDER, PL 492703**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, California 94607
Tel: 510-929-5400
Website: www.LAWYERSFTP.COM
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: AAlexander@Lawyersftp.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALMIKA BATES, an individual;<br><br>　　　　Plaintiff,<br><br>v.<br><br>RYAN REZENTES, in his individual capacity as a police officer for the CITY OF BRENTWOOD; and DOES 1-50, inclusive.<br><br>　　　　Defendant(s). | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1. This lawsuit arises from the February 10, 2020, dog mauling of then 24 year-old, Ms. Talmika Bates by Brentwood Police Officer Ryan Rezentes and his Czech Republic trained German Sheppard named "Marco."

2. On the afternoon of February 10, 2020, an employee of a Brentwood, California cosmetic store called police and reported that three young women had shoplifted several cosmetic products from the store. Brentwood Police responded to the reported theft and searched the surrounding neighborhood for the women. Police located one of the women hiding in a field behind a set of bushes. In violation of his training and the law, Officer Ryan Rezentes inexplicably sicc'd "Marco" on the unsuspecting and unarmed young lady without providing any warning or a reasonable opportunity to surrender.

3. Marco did just as Officer Rezentes ordered, the dog ran over to where Ms. Bates was sitting and bit her. Officer Rezentes permitted Marco to bite and gnaw on Ms. Bates' scalp and skull for an extended period of time despite Ms. Bates' frantic pleas for him to call the dog off. The German Sheppard, perhaps overcome with a sense of blood lust, ignored his handler's commands and continued to bite and gnaw at Ms. Bates' head until it ripped her scalp into shreds. Officer Rezentes had to physically remove the dog from Ms. Bates' head. Despite, Ms. Bates being in obvious pain and medical distress, Officers mercilessly demanded Ms. Bates stand up and walk out of the brush before they would offer any assistance. When Ms. Bates emerged from the bushes, the top of her head was bloody and mangled with large chunks of her scalp missing.

4. Officer Rezentes' prepared a police report detailing the incident. The report conspicuously fails to mention the fact that he permitted Marco to needlessly maul Ms. Bates or that he lost control of Marco as Marco attacked and seriously injured Ms. Bates. This violent, uncontrollable animal is still being deployed by the Brentwood Police Department. Indeed, the Police Department's webpage encourages the community to say "hi" when they see Officer Rezentes and Marco out on patrol and highlights the fact Officer Rezentes lets Marco play with kids in the Brentwood Community!

5. This unbridled use of an apparent blood thirsty dog to track, hunt and then attack an unarmed fleeing woman as she lay in a set of bushes harkens back to the days of slavery and slave catchers.

**JURISDICTION**

6. This action arises under Title 42 of the United States Code, §1983. The unlawful acts and practices alleged herein occurred in the City of Brentwood, California, which is within this judicial district. Title 28 of the United States Code §1391(b) confers venue upon this Court.

**PARTIES**

7. Plaintiff TALMIKA BATES (hereinafter "Plaintiff") is a competent adult, a resident of California and a citizen of the United States.

8. Defendant RYAN REZENTES (hereinafter "Defendant REZENTES") was and at all times mentioned herein is a police officer for the Brentwood Police Department, and is sued in his individual capacity.

9. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of his/her negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or

control or upon any other act or omission. Plaintiff will ask leave to amend this Complaint subject to further discovery.

## FACTUAL ALLEGATIONS

10. On February 10, 2020, at approximately 12:40 p.m., off-duty Brentwood Police Officer Ryan Rezentes and his Czech Republic trained German Sheppard "Marco" responded to a call for service to help locate three suspected shoplifters. Officer Rezentes deployed his police canine, Marco ze Zeliner Uzlabint "Marco," and searched a field near Empire Way in Brentwood, CA.

11. Officer Rezentes' was directed to take Marco and search a clump of bushes in the field. Without providing any warning or a reasonable opportunity to come out the bushes, Officer Rezentes commanded Marco to go into the bushes where the German Sheppard located Ms. Bates and immediately sunk its teeth into the unarmed woman's head. Officer Rezentes ignored Ms. Bates' chilling screams as he stood by and watched his canine viciously maul the young victim. Finally, the Officer began commanding the canine to "heel" in German. The dog ignored the commands while Ms. Bates continued to scream and beg for her life as the dog continued its attack. Nearly one minute later, Officer Rezentes once again command his dog to heel —yet again, the dog ignored his handler's commands. Ms. Bates continued to cry out for her mother while pleading with the Officers to make the dog stop.

12. Officer Rezentes eventually came to the obvious conclusion that he had lost control of his attack animal and inexplicably yelled at Ms. Bates to "do something!" The Officer finally went into the bushes and physically removed the dog's bite from Ms. Bates' scalp. After over a minute of being attacked by the rogue animal, Ms. Bates was left laying on the ground mangled and paralyzed with fear.

13. Officers Rezentes and Lou yelled at Ms. Bates to stand up, an impossible task, as leaves and twigs scraped against her open head wounds. Eventually, Officer Lou helped Ms. Bates to her feet and placed her in handcuffs. The Officers berated Ms. Bates for running from police as if getting her head bit and mauled by a vicious canine was a lawful and appropriate punishment for her crimes.

 

14. As she emerged from the bushes, the assembled Officers could see large chunks of Ms. Bates' scalp were ripped from her head, exposing bone and tissue.

15. In an apparent effort to cover-up this shocking display of police brutality, Officer Rezentes failed to include significant facts from his official police report detailing the encounter. In his report, Officer Rezentes claims that he did not have the benefit of a cover officer which prevented him from physically removing the dog from gnawing on Ms. Bates' head. However, Brentwood Police Officer Lou's body worn camera (BWC) proves this is patently false. In fact, the BWC clearly showed that he was standing next to Officer Rezentes with his gun drawn while reassuring Officer Rezentes, "Don't worry, I won't shoot your dog." Indeed, Officer Rezentes knowingly

omitted the multiple failed attempts to get his canine to release its potentially deadly grip. Officer Rezentes failed to mention that Marco was out of control.

16. Following this tragic event, Ms. Bates was transported to John Muir Medical Center Walnut Creek for emergency medical care. Fortunately, surgeons were able to reattach her scalp however, Ms. Bates continues to suffer from headaches, memory loss and depression as a result of the horrific experience.



17. Despite the outrageous nature of this grotesque use of excessive force, Officer Rezentes still patrols the Brentwood community with Marco. Indeed, the Brentwood Police Department features Marco on its webpage and encourages the community to say "hi" to Marco when they see Officer Rezentes and Marco out on patrol.

## **DAMAGES**

18. As a proximate result of Officers Rezentes, Lou, and other yet-to-be-identified Does' conduct, Plaintiff suffered excessive force. As a further proximate result of Defendants and Does'

conduct, Plaintiff suffered extreme physical injury, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride.

19. The conduct of the Defendants and Does was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said Defendant Does.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force under 42 U.S.C. § 1983)**
*(PLAINTIFF against REZENTES and DOES 1-50)*

20. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

21. When Officer Rezentes and yet-to-be-identified officers set the canine on Plaintiff without a verbal warning while she sat unarmed without lawful reason, justification, or threat, the officers used unreasonable force, depriving Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution. Officers Rezentes and the yet-to-be-identified officers did not have a lawful basis to use force against Plaintiff, which violated their training and Plaintiff's constitutional rights under the Fourth Amendment.

22. As a result of their misconduct, Officer Rezentes and yet-to-be-identified officers are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

23. Plaintiff hereby demands a jury trial in this action.

# PRAYER

1. For general damages in a sum according to proof;
2. For special damages, including but not limited to past, present, and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined according by proof;
3. For punitive damages against Defendant Ryan Rezentes;
4. All other damages, penalties, costs, interest, and attorney fees allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by federal law against Defendant Rezentes;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Dated: February 22, 2022

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ Adanté D. Pointer
ADANTÉ D. POINTER
PATRICK M. BUELNA
ANGEL M. ALEXANDER
Attorneys for Plaintiff
TALMIKA BATES